HENRY H. GAGE

v.

THE CITY OF CHICAGO.

*Opinion filed April 16, 1902—Rehearing denied June 5, 1902.*

1. SPECIAL ASSESSMENTS—*when ordinance does not provide for two kinds of sidewalks.* An ordinance providing for a "cement sidewalk" does not provide for two kinds of walks because the sidewalk is further described as a "cement-concrete-sand-and-gravel" walk, since the term "concrete sidewalk" is a generic term, and the further description is merely a statement of the ingredients.

2. SAME—*when ordinance is not uncertain as to depth of sidewalk.* An ordinance is not uncertain as to the depth of a sidewalk which provides that the walk shall be laid to the grade of the street, which is established; that the foundation of the walk be the surface of the ground excavated or filled to within eight and one-half inches of grade; that there be a layer of cinders four inches deep, then a layer of cement and crushed stone four inches deep, and on top of that a finishing coat of cement one-half an inch in thickness.

3. SAME—*ordinance must be viewed as a whole.* An ordinance must be viewed as a whole, and one part or section may be referred to for the purpose of explaining another part or section.

4. SAME—*improvement resolution may be passed by a majority of the board.* The first resolution recommending a local improvement and the final resolution adopted after the public hearing may be adopted by a majority of the board of local improvements.

5. SAME—*section 7 of act of 1897 does not require ten days' notice of public hearing.* Section 7 of the Improvement act of 1897 is silent as to the number of days' notice of the public hearing required, and in view of the subsequent action of the legislature in fixing such time at five days, (Laws of 1901, p. 103,) six days' notice under the act of 1897 is not unreasonable.

6. SAME—*judgment entered after act of 1901 took effect should not include cost of making assessment.* A judgment of confirmation entered after the act of 1901 took effect is erroneous if it includes the cost of making and levying the assessment as provided by the ordinance and the engineer's estimate, even though the proceeding was begun before the act of 1901 took effect.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

F. W. BECKER, for appellant.

ROBERT REDFIELD, for appellee.

Per CURIAM: This is an appeal from a judgment of confirmation by the county court of Cook county in a special assessment proceeding instituted by the city of Chicago to defray the cost of constructing a cement sidewalk six feet in width, on both sides of South Ridgeway avenue, from Douglas boulevard to West Twenty-sixth street. Appellant filed objections to the confirmation of the assessment, but the same were overruled and judgment was entered on July 10, 1901, confirming the assessment.

The ordinance providing for the improvement was passed on July 9, 1900, by the city council of Chicago. On January 11, 1901, the city of Chicago filed its petition in the county court praying that steps be taken to levy a special assessment for the improvement, and to the petition was attached a certified copy of the ordinance, together with a copy of the recommendation of the board of local improvements of the city and of the estimate of the cost of the improvement, as approved by the city council. The report and assessment roll were filed on May 7, 1901.

*First*—The first objection made by the appellant to the confirmation of the assessment is, that the ordinance does not specify the nature, character, locality and description of the proposed improvement, upon the alleged ground that the ordinance is uncertain and unintelligible as to the kind of sidewalk, the depth of the foundation, the mode of construction,—whether in front of the lots only, or at intersections,—and in excepting certain lots alleged to be not properly described.

It is charged against the ordinance that in one part of section 1 thereof it provides for a cement walk, and in another part for a cement-concrete-sand-and-gravel walk. As we read the ordinance this objection is without force. "Cement sidewalk" is a generic expression, and the further description contained in section 1 is merely a statement of the ingredients to be used in the construction of the cement sidewalk. The section does

196—33

not provide for the construction of two different kinds of sidewalks.

It is also claimed that the ordinance is uncertain and indefinite in describing the depth of the sidewalk. The ordinance reads as follows: "A foundation shall first be prepared, by cutting down or filling up the natural surface of the ground to within eight and one-half inches below the grade, which foundation shall consist of the surface of the ground as above prepared, upon which shall be laid a layer of cinders four inches in depth. On the foundation thus prepared there shall be placed a layer of hydraulic cement concrete four inches in thickness, composed of one part of cement, equal in quality to the best Portland cement, and two parts of the best, clean, coarse, sharp sand. After mixing said cement and sand dry, five parts of broken limestone crushed to a size so as to pass through a ring of two and one-half inches internal diameter shall be added thereto, and then water added in sufficient quantity as will give a surplus of moisture when rammed. Before the layer last described has set, a layer or finishing coat shall be placed thereon one-half inch in thickness, to be made of one part of cement, equal in quality to the best Portland cement, and one part of torpedo gravel." By reading the entire section of the ordinance it appears that there must be eight and one-half inches of filling to bring it to grade, as a layer of four inches of cinders is required, then a layer of four inches of hydraulic cement concrete is required, and upon that is laid a layer or finishing coat of cement one-half inch in thickness, making the walk eight and one-half inches in thickness. The ordinance further provides that "said sidewalk shall be laid to the grade of said South Ridgeway avenue between said points, which grade is hereby established as follows, to-wit." It will thus be observed that there is no indefiniteness as to the ingredients of the walk, or as to the distance between the foundation and the surface, or the thickness of the walk.

It is also charged against the ordinance that it is left uncertain ,by its terms whether the intention was that the walk should be built in front of the lots only, or also at intersections.   There are many interlineations in the ordinance as it appears in the record, but the portion objected to under this head, when properly construed, reads as follows: "That a cement sidewalk six feet in width be constructed on both sides of South Ridgeway avenue, from the south line of Douglas boulevard to the north curb line of West Twenty-sixth street, adjoining the lot line in the said city of Chicago, (except across the rights of way of all steam railroads, and except across the roadways of all intersecting streets and alleys between said points, and except the intersections hereinafter described,) in front of the following described lots, blocks, tracks [tracts] or parcels of land." The words "adjoining the lot line" are not uncertain when read in connection with the entire context of the ordinance. When thus read they are perfectly intelligible.

It is also said that the ordinance is uncertain because it excepts certain lots, and among them "lots 1, 14 and 15, Bond's addition." The objection made to the description is, that as construed by appellant no block is given in which the excepted lots are located.   An examination of the original record shows that this objection is without force, because the record describes lots 14 and 15 in block 1, and not lots 1, 14 and 15 without naming any block.

The ordinance must be viewed as a whole, and one part or section of it may be referred to for the purpose of explaining another part or section. (*McChesney* v. *City of Chicago*, 173 Ill. 75.) Looked at in the light of this rule of construction the first objection made to the ordinance by the appellant cannot be regarded as a valid one.

*Second*—The second objection insisted upon by appellant is, that the final resolution adopted by the board of local improvements was not adopted by the whole board,

but in the absence of two of the five members thereof. The record shows that a meeting of the board of local improvements for the purposes of a public hearing was held on January 24, 1900, and that three members of the board were present and two were absent. This court has recently held that the first resolution recommending the improvement, and the one adopted after the public hearing, adhering to such proposed improvement, may be passed by a majority of the board. (*Gage* v. *City of Chicago*, 192 Ill. 586; *Same* v. *Same*, 193 id. 108.) Here the final resolution was adopted by a majority of the board, hence the court below committed no error in overruling the second objection insisted upon by appellant.

*Third*—The third objection made by the appellant is, that the required statutory notice of the public hearing before the board of local improvements on January 24, 1900, was not given. The record shows that a regular meeting of the board of local improvements was held on January 10, 1900, at which all members were present. At that meeting an estimate furnished in pursuance of a former order of the board was approved, and upon motion of the secretary a resolution was adopted fixing Wednesday, January 24, 1900, at three o'clock P. M., in room 410 at the City Hall, as the time and place for the public hearing upon such resolution. On January 18, 1900, public notice by posting and mailing was given of the time and place of said public hearing. As only six instead of ten days intervened between the time of posting and mailing the notices of said public hearing and the time fixed for the holding of said public hearing, it is said the notice of said hearing was not sufficient and the board of local improvements was without jurisdiction to act. The statute (sec. 7 of the act of 1897) is silent as to the number of days' notice of the public hearing required, although it provides that the resolution shall be adopted ten days before the public hearing. By the act of 1901 the number of days' notice of the pub-

lic hearing is fixed at five, and that would seem to be reasonable and ample. The failure to fix the number of days in the act of 1897 for which said notice should be given was an evident oversight of the legislature, which it has remedied in the act of 1901, and as the time of such notice by the act of 1901 has been fixed at five days, that would seem to be a legislative construction of what would be deemed to be an ample and sufficient notice under the act of 1897, and as five days' notice of the time and place fixed for the public hearing would seem to be ample and reasonable, and a sufficient notice to enable all parties in interest to be present at such public hearing and to be heard in regard to the improvement proposed to be made, we are disposed to hold that the notice given in this case was sufficient.

*Fourth*—The fourth objection made by appellant is, that the assessment as confirmed includes the sum of $700.66 as cost for making and collecting the assessment. The engineer's estimate and the ordinance each provide that said amount shall be assessed as cost for making and collecting the assessment, and the petition filed by the city prays that the assessment be confirmed. It is therefore apparent that the cost of making and collecting the assessment was included in the judgment of confirmation. The proceeding for confirmation was commenced prior to the passage of the act of May 9, 1901, but the judgment of confirmation was not entered until after the act went into effect. Under the authority of *Kerfoot* v. *City of Chicago*, 195 Ill. 229, and *Gage* v. *City of Chicago*, id. 490, the including of the cost of making and collecting the assessment in the judgment of confirmation was erroneous, and said objection should have been sustained.

For such error the judgment of the county court will be reversed and the cause remanded.

*Reversed and remanded.*