D. W. STORRS *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 17, 1904—Rehearing denied April 7, 1904.*

1. SPECIAL ASSESSMENTS—*what does not invalidate acts of superintendent of special assessments.* Where the report, certificate and affidavit of the superintendent of special assessments show that he acted in his proper official capacity, the assessment is not invalidated by reason of a superfluous order of the court appointing him superintendent of special assessments in the particular proceeding.

2. SAME—*limits of improvement district is a legislative question.* The limits of a district embracing the improvement to be built by special assessment rest in the discretion of the city, and the courts will interfere only to correct a clear abuse of such discretion.

3. SAME—*when assessment is not void as for a double improvement.* A special assessment for the construction of cement sidewalks on a system of streets is not invalid as for a double improvement, where there is nothing in the record to show an abuse of the city's discretion in creating the improvement district, nor that the streets named are so separate that sidewalks upon one do not benefit property upon others. (*People* v. *Latham,* 203 Ill. 9, distinguished.)

APPEAL from the County Court of Cook county; the Hon. FRANK HARRY, Judge, presiding.

F. W. BECKER, for appellants.

ROBERT REDFIELD, and WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellants prosecute this appeal to reverse a judgment confirming a special assessment rendered by the county court of Cook county for the construction of a cement sidewalk.

Numerous objections were filed in the court below, all of which were overruled. Those relied upon on this appeal for a reversal are: First, the assessment roll made by John A. May, not in the capacity of superintendent of

special assessments but as appointee of the court, was contrary to section 38 of the act of 1901; second, the improvement is double; third, the ordinance is uncertain as to the depth and quantity of the filling; fourth, the provisions of the ordinance permitting owners to construct said sidewalk in accordance with said ordinance, do not conform to section 34 of the Improvement act; fifth, the provisions of the ordinance that the whole cost thereof be paid by special assessment conflict with section 94 of the Improvement act; sixth, the recommendation and estimate do not describe the improvement mentioned in the ordinance; and seventh, that certain lots on the line of the improvement were improperly exempt from assessment by the ordinance, the burden being on the city to show the cause of exemption.

Section 38 of the act of 1901, (Hurd's Stat. 1901, p. 385,) mentioned in the first objection, is as follows: "Upon the filing of such petition, the superintendent of special assessments, in cities where such officer is provided for by this act, otherwise some competent person appointed by the president of the board of local improvements, shall make a true and impartial assessment of the cost of the said improvement upon the petitioning municipality and the property benefited by such improvement." The assessment roll, as shown by the record, was returned by John A. May, and signed by him as "superintendent of special assessments," which is in conformity with the foregoing section. It appears, however, that the court below followed section 38 of the act of 1897, which provided that upon the filing of the petition the court should enter an order directing the superintendent of special assessments to make a true and impartial estimate, etc., and appointed John A. May superintendent of special assessments to perform that duty. It is contended that he made the roll as the appointee of the court, and not in his official capacity as superintendent of special assessments, because in his report, certificate and affidavit

he mentions his appointment by the county court of Cook county, etc., and it is said the words "superintendent of special assessments," following his signature, should be treated as merely *descriptio personæ.* This is too technical a view upon which to ground a reversal of the judgment below. The report, certificate and affidavit all show that John A. May acted as "superintendent of special assessments of the city of Chicago," and the fact that he was appointed by the court did not invalidate his acts. The proper official acted in his official capacity.

The objection that the improvement is double demands more serious consideration. This proceeding is not under the Sidewalk act of 1875, but under the statute concerning local improvements, approved June 14, 1897, (Hurd's Stat. 1899, chap. 24, p. 362,) and therefore the recent case of *People* v. *Latham,* 203 Ill. 9, is not authority on this question. The ordinance in the present case provided "that a cement sidewalk six feet in width be and is hereby ordered constructed on a system of streets as follows, to-wit: On both sides of Sherman avenue from Railroad avenue to Seventy-ninth street; both sides of Saginaw avenue from Seventy-seventh street to Seventy-eighth street; both sides of Seventy-seventh street from Colfax avenue to Coles avenue," etc. Counsel for appellants attaches to his argument a diagram, which he claims shows the relative location of the streets upon which the sidewalks were to be built, and argues that the improvements are thereby shown to be distinct and separate. An insuperable obstacle in the way of the argument is, that there is no proof whatever in the record upon which to base the assumption of fact upon which it is based. The only testimony introduced upon the hearing, as appears from the bill of exceptions, was that of E. C. Hathaway, a sidewalk inspector in the employ of the city, to the effect that he was acquainted with the location of the proposed improvement, and that the lots mentioned in the ordinance as excepted from its provisions had a cement

or stone walk, and that in front of objectors' property was in bad condition, etc., saying nothing whatever as to the relative location of the streets mentioned in the ordinance. The rule of law is well settled in this State on the question of double improvements. "The limits of the district [formed for a special assessment] rest in the discretion of the legislative power, and the courts will interfere only to correct a clear abuse of the discretion. In theory (and the practice should in all cases of imposing special taxes conform to the theory) the limits of the improvement should be so fixed as that the property to be taxed shall receive some benefit from the proposed improvement. Absolute equality, as already said, is not attainable, but if, in the combination of streets, and the like, they should be so separate and distinct that the making of one could not reasonably be said to benefit property situated upon the other, their combination would be clearly violative of the rule governing in such case." (*Davis* v. *City of Litchfield*, 145 Ill. 313; *Church* v. *People*, 179 id. 205.) "The extent of the improvement, and what shall be included within it, and its nature and character, are within the legislative discretion of the city council. Sidewalks on each side of the street may be included as a single improvement, as in *Watson* v. *City of Chicago*, 115 Ill. 78; and the improvement of different streets may be included in a single scheme of improvement, as in *City of Springfield* v. *Green*, 120 Ill. 269, and *Wilbur* v. *City of Springfield*, 123 id. 395.—Burroughs on Taxation, sec. 146; Cooley on Taxation, 450, 451." (*Davis* v. *City of Litchfield, supra.*) The same doctrine is announced in the later decisions of this court. (*Drexel* v. *Town of Lake*, 127 Ill. 54; *Haley* v. *City of Alton*, 152 id. 113; *Palmer* v. *City of Danville*, 154 id. 156; *Payne* v. *Village of South Springfield*, 161 id. 285; *Walker* v. *People*, 170 id. 410; *Village of Hinsdale* v. *Shannon*, 182 id. 312.) Here the ordinance provided for a system of improvements, the sidewalks on the streets named to be in all respects the same, and, as

already stated, there is no evidence in the record from which we can say that the city council abused its discretion in designating the district or system of streets designated, nor is there anything upon which to base a conclusion that the streets sought to be improved are so separate and distinct that the sidewalks upon one cannot reasonably be said to benefit property upon the others. So far as appears from the record the improvement is single,—as much so as was the scheme for the improvement of several streets in *City of Springfield* v. *Green*, or *Wilbur* v. *City of Springfield, supra,* and subsequent cases following them.

The third objection is substantially the same as one of those urged to a similar ordinance in the case of *Gage* v. *City of Chicago*, 203 Ill. 26, and there held to be without merit. See, also, *Gage* v. *City of Chicago*, 196 Ill. 512.

The ordinance provides that the owner of any lot shall be allowed forty days in which to construct said sidewalk, "in accordance with said ordinance," and it is contended, under the fourth objection, that this is not a compliance with section 34 of the statute, which gives the owner the right to construct a sidewalk, "provided the work so to be done shall *in all respects conform to the requirements of such ordinance.*" The argument is too refined and technical to deserve serious consideration.

We regard the fifth objection also without merit. The ordinance does not, as claimed by counsel, authorize the levy of an assessment to pay the costs and expenses of making and levying the assessment, which section 94 of the act of 1897 provides shall be paid by the municipality from its general funds.

The sixth objection is, that the improvement set out in the ordinance provides for a cinder, cement, concrete, torpedo sand and limestone walk, whereas the recommendation and estimate described only a "cement sidewalk." This objection was also held to have been properly overruled in *Gage* v. *City of Chicago*, 196 Ill. 512.

The seventh and last objection is likewise disposed of adversely to the contention of objectors by the last named case and what we said in *Hyman* v. *City of Chicago*, 188 Ill. 462.

The county court properly overruled each of the foregoing objections, and its judgment will accordingly be affirmed.

*Judgment affirmed.*