# The People of the State of Illinois, ex rel W. R. Bradley et al., Appellee, v. City of Champaign, Appellant.

LOCAL IMPROVEMENTS—*section 34 of act construed.* While a city council is not required to adopt any particular ordinance and is at liberty in its discretion to provide how an improvement shall be made, how the cost thereof shall be raised and the other necessary details, it is bound when the essential preliminary steps provided by section 34 have been taken, to adopt an ordinance of some nature looking toward an improvement of the kind requested by the property owners.

Mandamus. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911.

B. M. PRICE and F. B. HAMILL, for appellant.

A. E. CAMPBELL and O. B. DOBBINS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellee filed a petition for a writ of mandamus commanding the mayor and city council of the city of Champaign to meet in regular or special session at a time to be designated by the court, and to pass an ordinance for the improvement by paving and draining, of a part of Prospect avenue in said city. The court overruled a general and special demurrer to such petition, and the defendant having elected to abide by its demurrer, entered judgment on demurrer and awarded a writ of *mandamus* in accordance with the prayer of the petition. The petition alleges in detail the necessary preliminary proceedings to be had by section 34 of the Local Improvements Act (Rev. Stat. 1909, page 462). The controlling question presented for determination is whether it then became the imperative duty of the city council to pass the ordinance petitioned for by the property-owners as provided by said section, or whether such body is vested with discretionary power in the matter.

In Givens v. City of Chicago, 188 Ill. 348, 352, the court referring to the section in question says:

"Section 34 contains the only provision which makes it the duty of the corporate authorities to adopt an ordinance providing for the improvement recommended by the board, and that is confined to cases where the owners of the greater part of the property in any one or more contiguous blocks abutting on the street or public place to be improved shall petition for the improvement. * * * This provision does not make it the duty of the city council to pass an ordinance providing for the improvement because the board of local improvements has recommended it, but because primarily the owners of the abutting property had petitioned for it. Nor is it made the duty of the council to adopt the 'draft of an ordinance' prepared and

presented by the board, but only to pass 'an ordinance for the said improvement.' * * * We are of the opinion that the statute does not violate the provisions of the constitution above set out in the respect mentioned.''

It follows from the foregoing views that the word ''shall'' as used in said section 34, is mandatory and not directory; that it should be given an imperative construction. While the city council is not required to adopt any particular ordinance, and is at liberty, in its discretion, to prescribe how the improvement shall be made, how the cost thereof shall be raised, and the other necessary details, it is bound, when the essential preliminary steps provided by section 34 have been taken, to adopt an ordinance of some nature looking toward the improvement of Prospect avenue in the manner requested by the property owners.

The other objections raised to the sufficiency of the petition are without merit.

The judgment of the circuit court is affirmed.

*Affirmed.*

MR. JUSTICE PHILBRICK took no part in the consideration of this case.