The People of the State of Illinois, etc., ex rel. John
Hirsch et al., Appellees, v. Village of Millstadt
et al., Appellants.

Opinion filed February 1, 1929. Rehearing denied February 26, 1929.

P. K. JOHNSON, for appellants.

L. N. NICK PERRIN, JR., for appellees.

MR. JUSTICE NEWHALL delivered the opinion of the court.

Appellees filed in the court below a petition for writ of mandamus against appellants, the Village of Millstadt, its president and board of trustees, its board of local improvements and the individual members of the village board and of the board of local improvements, to compel them to grant a petition filed with the president and board of trustees "for a local improvement to provide adequate sewer facilities for the construction of a sanitary sewer system by special assessment, so that the same would serve the property of petitioners and such other property as is necessarily included."

A general and special demurrer was filed to the petition for mandamus, which was overruled, and, appellants electing to abide by their demurrer, judgment was entered awarding the peremptory writ of mandamus in accordance with the prayer of the petition.

The petition is brought in the name of "The People of the State of Illinois, by Hilmar C. Lindauer, State's Attorney for the County of St. Clair, who sues for the People of the State of Illinois in this behalf," on the relation of John Hirsch and about 170 relators, persons and corporations, who are described therein as constituting the owners of at least one-half of the property abutting upon certain streets, alleys, parks and public places or portions thereof in said village. It recites in substance that at the regular meeting of

the president and board of trustees, held on March 5, 1928, a petition signed by at least 65 per cent of the owners of property upon certain streets, alleys, parks and public places or portions thereof in the Village of Millstadt, asking for the construction of a sanitary sewer system to serve their property and such other property as is necessarily included, was presented to said president and board of trustees, and that a motion made at said meeting by Trustee Bange to grant the petition was lost for want of a second; that the petition was again presented at the meeting of the president and board on April 2, 1928, and by action of the board of trustees was referred to the board of local improvements; that said board of local improvements met on April 4, 1928, and a motion was passed to ignore the petition, two members, Mr. Pistor and Mr. Tegtmeier, voting "aye" and the president, Mr. Baltz, voting "no"; that at a regular meeting of the president and board of trustees, held on May 7, 1928, a minority report was presented by President Baltz of the board of local improvements recommending that the prayer of the petition be granted and necessary steps taken by special assessment to construct the sewer system; that a motion by Trustee Luetzelschwab to accept the minority report was lost for want of a second, and that the majority of the board of local improvements have refused and still refuse to take the action requested by said majority of property owners, and that five of the six members of the board of trustees have indicated that they were opposed to said improvement and would not vote in favor of an ordinance providing for said improvement.

It is averred in the petition for mandamus that by reason of the refusal of the corporate authorities to take the necessary action for the construction of the sanitary sewer system the relators are deprived of their rights under the statute and their properties are

deprived of the benefits which would accrue to said properties by reason of said improvement, to all of which said relators are justly and lawfully entitled.

Attached to and made part of the petition for mandamus are copies of the petition for the sewer system, a plat showing the lines of sewers, outlet sewer and septic tank, and a detailed estimate of cost, amounting in the total to $42,600.

The petition for mandamus charges that, under the provisions of section 34 of "An Act Concerning Local Improvements," approved June 14, 1897, in force July 1, 1897, Cahill's St. ch. 24, ¶ 159, and amendments thereto, the relators are entitled to compel the village and its officers to construct the sanitary sewer system by special assessment proceedings.

Counsel for appellants say that the principal question involved in this case is whether or not a municipal corporation and its officers can be compelled by mandamus to construct a sanitary sewer system with necessary outlet and disposal plant, upon the several streets of the municipality.

The relators claimed to be property owners constituting the owners of over 50 per cent of the property abutting upon certain streets, alleys and public places, and are seeking to compel the village authorities to construct a sanitary sewer system under the provisions of the Local Improvement Act.

The relief sought by the relators is predicated upon the provisions of section 34 of said Local Improvement Act, which is as follows:

"Whenever the owners of one-half of the property abutting on any street, alley, park or public place, or portion thereof, shall petition for any local improvement thereon, the Board of Local Improvements in any city, village or town shall take the steps hereinbefore required for hearing thereon, but at such hearing shall consider only the nature of the proposed

improvement and the cost thereof, and shall determine, in the manner above provided, the nature of the improvement which it will recommend, and shall thereupon prepare and transmit to the legislative body a draft of an ordinance therefor, together with an estimate of the cost, as above described, and shall recommend the passage thereof, which recommendation shall be prima facie evidence that all the preliminary steps required by law have been taken, and thereupon it shall be the duty of such legislative body to pass an ordinance for the said improvement, and take the necessary steps to have the same carried into effect.'' (Section 159, vol. 2, Callaghan's Stat. 1924, page 1206.)

Section 34, as originally enacted in 1897, is substantially as worded above, with the exception that it then read, *"owners of a majority of the property in any one or more contiguous blocks,"* which was amended in 1901 by striking out these words and now reads as above quoted from the present statutes.

Section 34, as originally enacted in 1897, was passed upon in the case of *Givins v. City of Chicago,* 188 Ill. 348, and the Supreme Court held (page 352) as follows:

''Section 34 contains the only provision which makes it the duty of the corporate authorities to adopt an ordinance providing for the improvement recommended by the board, and that is confined to cases where the owners of the greater part of the property in any one or more contiguous blocks abutting on the street or public place to be improved shall petition for the improvement. That section provides, among other things, that after the hearing before the board, and after it has determined the nature and cost of the improvement, it shall prepare and transmit to the legislative body,—that is, to the corporated authorities, 'a draft of an ordinance therefor, together with an estimate of the cost, . . . and shall recommend the

passage thereof, which recommendation shall be *prima facie* evidence that all the preliminary steps required by law have been taken; and thereupon it shall be the duty of such legislative body to pass an ordinance for the said improvement, and take the necessary steps to have the same carried into effect.' This provision does not make it the duty of the council to pass an ordinance providing for the improvement because the board of local improvements has recommended it, but because, primarily, the owners of the abutting property have petitioned for it.''

Upon the authority of the *Givins* case, the Appellate Court for the Third District in the case of *People v. City of Champaign,* 164 Ill. App. 289, affirmed a mandamus case requiring a city council to pass an ordinance for paving a single street where the same had been petitioned for by a majority of the property owners abutting thereon. The Appellate Court held, after quoting from the *Givins* case, as follows:

''It follows from the foregoing views that the word 'shall' as used in said section 34, is mandatory and not directory; that it should be given an imperative construction. While the city council is not required to adopt any particular ordinance, and is at liberty, in its discretion, to prescribe how the improvement shall be made, how the cost thereof shall be raised, and the other necessary details, it is bound, when the essential preliminary steps provided by section 34 have been taken, to adopt an ordinance of some nature looking toward the improvement of Prospect avenue in the manner requested by the property owners.''

Counsel for appellants contends that the language of section 34 is not broad enough to warrant relief by mandamus where the proposed improvement embraces more than one ''street,'' and, secondly, that property owners can compel only an improvement upon the particular street upon which their property abuts.

The construction urged by counsel is too narrow and restricted, in view of the well-known rules of statutory construction as applied to the use of the plural for the singular, and the interchange ability of the disjunctive "or" and the conjunctive "and," together with the common interpretation of "any" to mean "every" or "all."

Applying these customary rules of construction, there is no reason why a majority of the property owners abutting upon one particular street may not join with a majority of abutting property owners upon an adjacent street in petitioning for the construction of a local improvement for a connected system of sewers.

Other provisions of the Local Improvement Act authorize the improvement of more than one street, and such does not constitute a double improvement. (*Walker v. People,* 170 Ill. 410; *Storrs v. Chicago,* 208 Ill. 364.)

The petition for mandamus alleged that the petition addressed to the board of local improvements for the construction of a sanitary sewer system was signed by at least 65 per cent of the owners of property abutting upon the streets, alleys, parks and public places, or portions thereof, in said village, in which it was desired to construct said sewer.

In order that abutting property owners on different streets, or portions of streets, may join in a common local improvement of their property, it is necessary that they be owners of one-half of the property abutting on their respective streets, or portions of streets, which are sought to be improved.

It is next urged by counsel for appellants that property owners can compel only an improvement upon the street upon which their property abuts, and, in support of this contention, it is urged that the use of the word "thereon," as used in section 34, limits the

right of the property owners to an improvement "on" the particular street upon which the petitioning owners abut. This narrow construction of the statute would deprive property owners of any local improvement, such as a sewer, where it is necessary to build beyond the street in order to have an adequate outlet for such sewer for sanitary purposes.

In the construction of a local improvement under other sections of the Local Improvement Act, the Supreme Court said in *City of Elmhurst v. Rohmeyer,* 297 Ill. 430, 436:

"The construction of another improvement to aid the purpose of the main improvement in contemplation will not render the improvement double for that reason, as in the case of the construction of a sewer for drainage purposes in a sidewalk improvement, or the establishment of pumping works in connection with a sewerage system in order that the latter may serve its proper purpose, or, as in the case now in hand, the construction of a disposal plant in order that the proposed system may accomplish its proper purpose. *City of Staunton v. Bond,* 281 Ill. 568; *Drexel v. Town of Lake,* 127 id. 54."

The mandatory duties imposed upon public authorities by the provisions of section 34, where a majority of abutting property owners upon each separate public street have petitioned for a common local improvement of their property, ought not to receive such limited and narrow interpretation as would deprive a particular section of a village community of adequate sanitary drainage of their property, pursuant to the provisions of the Local Improvement Act.

Counsel further contends that the special demurrer should have been sustained for the reason that the petition for mandamus seeks to compel the construction of a particular improvement described in the petition. The prayer of the petition is that the respond-

ents be commanded to take the necessary procedure, step by step, to the end that a sanitary sewer system is constructed as outlined by the petition presented and stated therein.

Counsel for appellees admits that the courts do not have the power or authority to direct that the village authorities shall, in the first instance, be compelled to adopt any particular specified system of sewers. In the *Givins* case, *supra,* it was held that the corporate authorities have a discretion about the character of the improvement, and are bound, when a proper petition for a local improvement is presented, pursuant to the provisions of said section 34 of the Local Improvement Act, to pass an ordinance for such improvement as has been petitioned for by the requisite number of property owners.

In *People v. Webb,* 256 Ill. 364, it was said on page 373, as follows:

"The writ of mandamus is a summary writ issuing from a court of competent jurisdiction, commanding the officer or body to whom it is addressed to perform some specific duty which the relator is entitled, of right, to have performed. It only issues when the party to whom it is directed is in default in the performance of some act which he has the power and authority to do. Mandamus does not create the duty or confer the power to perform it, but is designed to coerce action along the lines marked out by the law for the person against whom it is directed. It does not issue to compel action in matters about which the officer has a discretion as to whether he will act or not, but it may issue for the purpose of compelling action one way or the other in a matter in which the officer has a discretion as to which way he will act. It is sometimes said that the writ will not issue to compel the performance of a judicial duty. This statement is not quite accurate. A judicial duty may be enforced

where the right is clear and the judicial officer, if he obey the law, has no discretion but must do a particular thing which the law requires of him. A better statement of the law seems to be, that while a judicial officer, or one exercising discretion or authority, may be compelled to act and to proceed to the performance of his duty, he cannot be controlled in his judgment or compelled to exercise his discretion in a particular manner by means of this writ.''

.To the same effect is the case of *Brooks v. Hatch,* 265 Ill. 346, and cases therein cited.

We are of the opinion that the judgment of the court awarding the peremptory writ of mandamus, in accordance with the prayer of the petition, was too broad and uncertain in view of the ambiguous language used in the prayer of the petition, and that the trial court should have directed the respondents to comply with the provisions of the statute, without directing any particular specified sewer system to be constructed.

It is also urged that the State's Attorney was not a proper party to the proceeding, and that, where purely private rights are involved, the writ should run in the name of the People, without State's Attorney appearing in his official capacity. This proceeding involves both public and private rights, and we are of the opinion that the special demurrer as to this point was properly overruled.

For the reasons aforesaid, the judgment of the circuit court of St. Clair county is hereby reversed, and the cause remanded to the circuit court to take such further proceedings in said cause as are not inconsistent with the views herein expressed.

*Reversed and remanded.*