J. F. H. DOBLER

*v.*

THE VILLAGE OF WARREN.

*Opinion filed June 18, 1898.*

1. COSTS—*judgments for costs must be authorized by statute.* Judgments for costs rest upon statutes, and should not be awarded where they have not been authorized by the legislature.

2. SAME—*on hearing objections to confirmation of special assessments no costs can be awarded.* There is no statutory authority for the rendition of a judgment for costs, on the hearing of objections to the confirmation of a special assessment, either against the objector or the property assessed.

3. SPECIAL ASSESSMENTS—*a confirmation judgment is a judgment in rem.* Such costs as may be taken into consideration by special assessment commissioners in estimating "the cost of making and levying the assessment" must be included in the judgment against the property, and cannot be taxed against the owner by a judgment *in personam.*

4. SAME—*commissioners' estimate cannot include costs to arise on hearing of objections.* The cost of probable jury trials, on the hearing of objections to an application for judgment of confirmation, cannot be estimated by the commissioners in advance, so as to be included as part of the "cost of making and levying the assessment."

5. APPEALS AND ERRORS—*an erroneous judgment for costs does not necessitate new trial.* An erroneous judgment against an objector for costs, on entering a judgment of confirmation upon the verdict of a jury finding that the property was not assessed more than it was benefited nor in excess of its proportionate share, does not affect the verdict, and a proper judgment of confirmation may be entered by the trial court without awarding a new trial.

APPEAL from the County Court of JoDaviess county; the Hon. WILLIAM T. HODSON, Judge, presiding.

W. SPENSLEY, for appellant.

W. H. GLASGOW, and D. & T. J. and J. M. SHEEAN, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal by J. F. H. Dobler, a lot owner, from a judgment of the county court of JoDaviess county confirming a special assessment levied to construct and put in a system of water-main pipes in the village of Warren, in said county, under the act of the General Assembly approved and in force April 15, 1873, which authorizes the making of such local improvements by special assessments. (1 Starr & Curtis' Stat. 544.) Many objections were filed by appellant and others in the county court, and a trial was had before the court and jury, and a verdict was rendered that the property was not assessed more than it was benefited nor more or less than its proportionate share of the cost of the improvement. The court overruled the motion for a new trial and entered judgment confirming the assessment, and also entered a personal judgment for the costs which accrued on the hearing of the objections, against the objectors.

After a careful consideration of the case we have come to the conclusion that no substantial error was committed in the proceedings, except in the judgment against the objectors for costs. The proceeding is one *in rem* and not *in personam*, and if any judgment for costs

could be rendered in the county court in favor of the petitioner it must be against the property assessed, and not against the owner. But we are unable to find that the statute makes any provision for a judgment for costs. Such a proceeding is not included in the general act on costs, and it cannot be contended that without statutory authority such a judgment can be entered. It is true that section 20 of article 9 of the act for the incorporation of cities and villages (1 Starr & Curtis, 493,) provides that "the cost of making and levying the assessment" shall be included in the estimate made by the commission appointed to make the estimate of the cost of the improvement, and that sections 30 and 31 of the same article provide that any person interested in any real estate affected by the assessment may appear and file objections to the assessment as made and reported by the commissioners, and that the hearing on such objections "shall be conducted as in other cases at law," and that the assessment on any tract may be diminished or increased, according as the evidence may show that it has been assessed more or less than it will be benefited or more or less than its proportionate share of the cost of the improvement, but no authority is conferred by these provisions to render a judgment against any property owner for the costs of such hearing or against any particular piece of property for such costs. It might, with some plausibility, be contended that all such costs are a part of the costs of levying the assessment and should be included in the estimate of the whole amount to be assessed, and paid out of the entire assessment in the same manner as the cost of the improvement is paid. But this view would not support a judgment for costs, except as such costs are included in the whole assessment as spread upon the several lots. If such costs are so included and have been taken into consideration by the three persons making the estimate under section 20, and then a judgment for them is afterwards rendered

against the lot owner or against his lot, it is manifest they could be collected twice,—once from all the property ratably, and once from the defeated lot owner. We are, however, of the opinion that the statute does not contemplate that the three persons appointed as a committee or commission to make and report an estimate of the cost shall include in such estimate an estimate of the costs which may accrue on the hearing of objections. The trial on such objections must be conducted as in other cases at law, and is, so to speak, a thing apart from the other proceedings, so far as the estimate of its cost is concerned. The usual and ordinary costs of levying and collecting the assessments could well be estimated in advance by the commission, but the costs of possible jury trials on the hearing of objections filed, conducted as in cases at law, could not be estimated in advance. No data would exist from which such an estimate could be made, and to hold that the commission may include in their estimate all such possible costs would be to open the door to excessive levies and to gross abuses of a statute already burdensome to the property owner. Besides, such a construction would impose the burden of such costs, not on those making them, but on all, according to the value of their property. The owner of a lot assessed for a small amount might well litigate such assessment at his pleasure, substantially at the expense of other lot owners who might be satisfied with the assessment and themselves make no defense. We do not think that a construction which would lead to such consequences would be a reasonable one or one contemplated by the law-making power. Judgments for costs rest upon statutes, and where the legislature has not authorized them they should not be awarded. The statute makes provision for the recovery of costs on appeal or writ of error, but not in trials in the county court on the hearing of objections in a special assessment proceeding.

There was a stipulation between the parties covering certain costs which it would seem were properly provided for in the judgment for costs, otherwise the judgment for costs is erroneous. The error does not, however, affect the verdict, and the court below may yet enter the proper judgment of confirmation without another trial. *Tomlinson* v. *Earnshaw,* 112 Ill. 311.

The judgment is reversed and the cause remanded, with directions to the county court to enter a proper judgment of confirmation.    *Reversed and remanded.*