WILLIAM HALE THOMPSON

v.

THE CITY OF CHICAGO.

*Opinion filed June 19, 1902.*

| 197 | 599 |
|-----|-----|
| 201 | 345 |
| 197 | 599 |
| e205 | 530 |
| 197 | 599 |
| e207 | 334 |
| 197 | 599 |
| e212 | 442 |

SPECIAL ASSESSMENTS—*cost of making assessment should not be included in assessment.* Under the act of 1901 it is error to include in a confirmation judgment the cost of making and levying the assessment; nor has a court of review power to strike out the item of cost, which has entered into the assessment as spread, and direct the county court to enter a proper judgment without making a new assessment.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. W. BECKER, for appellant.

ROBERT REDFIELD, (CHARLES M. WALKER, Corporation Counsel, EDGAR BRONSON TOLMAN, and WILLIAM M. PINDELL, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county to reverse a judgment of confirmation in a special assessment proceeding for paving West Van-Buren street from South Paulina street to South Kinzie avenue, in the city of Chicago.

Thirty-seven objections to the confirmation of the assessment were filed in the court below, all of which were overruled. The last of these objections was: "The provision of the ordinance, and the estimate relating to costs, were superseded by the act of 1901, and the same are invalid." In the argument of counsel for the appellant it was insisted that the court erred in overruling four or five of the objections, among others the last. That objection should have been sustained. *Gage* v. *City of Chicago,* 195 Ill. 490.

It is urged on behalf of the appellee that, notwithstanding this result, the cause should be remanded with directions to the county court to eliminate the item of costs and enter a proper judgment, and it is said such a course was pursued in *Dobler* v. *Village of Warren*, 174 Ill. 92. This is a misapprehension. In that case the reversal was because of the erroneous judgment against the objectors for the costs arising upon the hearing on the objections filed. Here the item of $4216.98, "cost of making the assessment," entered into the estimate of the cost of the improvement, and by the amount of that item the assessment was spread for too much. Manifestly, the court cannot, of its own motion, strike out that item and enter a proper judgment without a new assessment.

It is also urged that the ordinance is uncertain as to the grade of the finished pavement, and as to the number of flat stones to be used under each curb-stone, and that only five days' notice of the public hearing was given. This last objection was disposed of in the case of *Gage* v. *City of Chicago*, 196 Ill. 512. We think the improvement is sufficiently described in the ordinance.

For the reasons stated, the judgment of the county court will be reversed and the cause remanded.

*Reversed and remanded.*