A. B. McCHESNEY *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 16, 1903.*

SPECIAL ASSESSMENTS—*effect where ordinance contains illegal item of cost.* On reversal of a confirmation judgment because the ordinance illegally requires the cost of making and levying the assessment to be included in the assessment against the property benefited, the trial court may permit the assessment roll to be re-cast, so as to exclude such item, and allow a new hearing without requiring a new ordinance, estimate and proceeding.

APPEAL from the County Court of Cook county; the Hon. FRANK HARRY, Judge, presiding.

F. W. BECKER, for appellants.

ROBERT REDFIELD, and WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This case was here on a former appeal, when it was decided that the judgment of confirmation of a special assessment, entered after the act took effect, by which it was provided that the cost of making and collecting such assessment should be paid by the city out of its general funds, was erroneous in including such cost. (*McChesney* v. *City of Chicago,* 201 Ill. 344.)  For that error

the cause was remanded to the county court, and, being re-instated there, appellants filed additional objections, alleging that the ordinance for the improvement was void because it contained a provision that the whole cost of the improvement, including the cost of making and collecting the special assessment, should be paid by such assessment, and therefore the court had no jurisdiction to proceed further. Appellee moved the court to re-cast the assessment roll as to the property of appellants, by deducting therefrom the cost of making and collecting the assessment. The court granted the motion, re-cast the assessment roll accordingly, and thereupon overruled the objections. A jury being waived, the question of benefits was submitted to the court, and on a hearing the assessment as reduced was confirmed.

It is contended by appellants that the ordinance was void, for the reason that it, and the estimate on which it was based, included the item of cost; that the defect could only be cured, if at all, by a new estimate, a new ordinance and a new proceeding, and that the court was without jurisdiction to enter the judgment of confirmation. If an ordinance for a special assessment is void it is a nullity, and a court cannot acquire jurisdiction to confirm an assessment by virtue of it. An ordinance by which a city attempts to levy a special assessment not authorized by law is of that nature, as where it provides that the cost of paving approaches to a viaduct or other space which it is the duty of a railroad company to pave, shall be paid by special assessment levied upon the property of individuals. (*City of Chicago* v. *Nodeck,* 202 Ill. 257; *American Hide and Leather Co.* v. *City of Chicago,* 203 id. 451.) If an improvement cannot, in law, be paid for by special assessment, an ordinance providing that it shall be so paid for is void, because not within the power of the city. In this case, however, the ordinance, when passed, was fully authorized by law and was legal and valid. The amendatory act in force May 9,

1901, took effect after the proceedings for special assessment were instituted. It provided that the cost of making and collecting the assessment should be paid by the city out of its general fund, and in that respect superseded the provision of the ordinance. The ordinance became inoperative in a matter which lightened the burden upon the property to be assessed, to the benefit of appellants, but the ordinance, as a whole, did not become void by reason of the subsequent act. The assessment could only be spread for the estimated cost of the work, not including the cost of making and collecting the assessment. *Gage* v. *City of Chicago*, 195 Ill. 490.

Appellants rely upon the decision in *Thompson* v. *City of Chicago*, 197 Ill. 599, where it was urged by the city that we should remand the cause with directions to the county court to strike out the item of costs, following the course alleged to have been pursued in *Dobler* v. *Village of Warren*, 174 Ill. 92. In the latter case the error of the court was in entering judgment upon the verdict, and it was within the power of the court to direct a proper judgment, which was done. In the former case the error was not in entering an improper judgment on a correct finding or verdict, but in overruling objections to an illegal item. It was held that where an assessment was spread for too large an amount there must be a new assessment roll, to be confirmed by the court. In such a case, upon reversal of the judgment the parties are entitled to a new trial, and we have no authority to direct the court to strike out an item and enter a judgment. In this case the assessment roll was re-cast by deducting the illegal item, and, as so re-cast, appellants had a hearing and the roll was confirmed. The court had jurisdiction, and there was no error in the proceedings.

The judgment is affirmed.     *Judgment affirmed.*