WILLIAM HALE THOMPSON

*v.*

THE PEOPLE *ex rel.* John J. Hanberg, County Collector.

*Opinion filed February 17, 1904.*

1. SPECIAL ASSESSMENTS—*lack of jurisdiction, to be available for collateral attack, must appear on face of record.* Lack of jurisdiction to enter judgment of confirmation must appear upon the face of the record in order to furnish ground for collateral attack.

2. SAME—*new hearing is not required to eliminate illegal item of cost.* Upon reversal of a confirmation judgment because of the illegal inclusion of the cost of making and levying the assessment, the trial court, on re-docketing the case, may eliminate the objector's proportionate share of such illegal item, re-cast the assessment roll and enter judgment. (*McChesney* v. *Chicago*, 205 Ill. 528, followed.)

3. SAME—*what not a valid objection on an application for judgment of sale.* That the engineer's estimate of cost was not made a part of the record of the improvement board's first resolution is not a valid objection when first raised upon application for judgment of sale.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

F. W. BECKER, for appellant.

ROBERT REDFIELD, and WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment for sale entered in the county court of Cook county to satisfy the first installment of a special assessment for paving West Van-Buren street from South Paulina street to South Kinzie avenue, in the city of Chicago. The appellant appeared and filed objections. The validity of the judgment confirming the original assessment was before this court at a former term, (*Thompson* v. *City of Chicago*, 197 Ill. 599,) when the judgment was reversed and the cause remanded.

It is first contended that the judgment of confirmation upon which this judgment for sale is based is void, for the reason that the county court was without jurisdiction to render the judgment of confirmation, on the ground that the proceedings to confirm said special assessment, after the judgment confirming the same had been reversed by this court, was re-docketed in the county court without proper notice to the appellant. The judgment of confirmation entered after the case was re-docketed recites that due notice to re-docket the proceedings had been given the appellant. We are of the opinion that finding was not overcome by the fact that a notice to re-docket, found among the files in that proceeding, states that a motion to re-docket the proceedings would be made on the 25th of July, 1902, and that the record shows the order re-docketing the proceedings was not entered until the following day. In that state of the record, the court, in case of a collateral attack upon the judgment of confirmation, will presume that the motion to re-docket the proceedings was made on the 25th of July and that action was deferred thereon until the following day, when the order re-docketing the case was duly entered, and that the court, by reason of such delay, did not lose jurisdiction to enter the order re-docketing the case. The lack of jurisdiction must appear upon the face of the record in the confirmation proceeding, otherwise such lack of jurisdiction cannot be taken advantage of in a collateral proceeding. *Dickey* v. *People*, 160 Ill. 633; *Casey* v. *People*, 165 id. 49; *Young* v. *People*, 171 id. 299.

The original judgment of confirmation was reversed by this court by reason of the fact that the estimate of the cost of the improvement contained an item of six per cent of the amount of the estimated cost of the improvement, for making and levying the assessment. The county court, upon the proceedings being re-instated in that court, eliminated appellant's proportionate share of said item of cost and re-cast the assessment roll and

then entered a judgment of confirmation, and it is contended that the county court was without power to eliminate said item of cost from the original assessment and to then enter judgment confirming the assessment. This precise question was before this court in *McChesney* v. *City of Chicago*, 205 Ill. 528, where the question was decided adversely to the view of the appellant.

It is further contended that no itemized estimate of the cost of the improvement was made a part of the record of the first resolution of the board of local improvements. The fact that the engineer's estimate of the cost of the improvement was not made a part of the record of the first resolution of the board of local improvements, if raised upon the application for judgment of confirmation, would have been a good objection, (*Bickerdike* v. *City of Chicago*, 203 Ill. 636,) but it does not constitute a valid objection when raised upon application for judgment for sale. *Gage* v. *People*, (*ante*, p. 61.)

It is next contended that the specifications for the work contained the so-called alien labor clause. The proof found in this record upon that question is the same as the proof found in the record in *Gage* v. *People, supra*, and shows that the bid was not based upon said specifications and that the specifications in no way affected the cost of the improvement, and under the holding in that case furnished no ground to justify the county court to refuse judgment for sale to satisfy said special assessment.

The judgment, as entered in the county court, is not in proper form, and for the reason assigned in the *Gage case, supra*, it must be reversed.

The judgment of the county court will be reversed and the cause remanded, with leave to the attorney for appellee to move for, and with directions to the county court to enter, a judgment in compliance with section 191 of chapter 120 of Hurd's Statutes of 1899.

*Reversed and remanded, with directions.*