### HENRY H. GAGE
*v.*
### THE PEOPLE *ex rel.* John J. Hanberg, County Collector.

*Opinion filed February 17, 1904.*

1. JUDGMENTS AND DECREES—*when copy of notice cannot be received to overcome recitals of judgment.* An uncertified paper, which must be shown by parol to be a copy of the original notice of re-docketing of a case, cannot be received in evidence to overcome the recitals of the order of court re-docketing the cause, wherein it is found that due notice had been given.

2. SPECIAL ASSESSMENTS—*when ordinance is not void.* The amendment to the Improvement act prohibiting the inclusion of the cost of making and levying the assessment in the assessment roll does not render void an ordinance previously passed which includes such items, but invalidates that part of the ordinance only, and the court, upon reversal for that reason, may eliminate costs and recast the roll without requiring a new ordinance.

3. SAME—*objection that itemized estimate was not included in resolution cannot be made on application for sale.* An objection that the engineer's itemized estimate of cost was not included in the record of the improvement board's first resolution for the improvement cannot be urged on application for judgment of sale.

4. SAME—*when reduction of the assessment is not ground for objection.* Reduction of the original assessment by consent of the petitioner and the property owners affected is not ground for objection upon application for judgment of sale, where no collusion or resulting injury to the objector is shown.

5. SAME—*judgment on application for sale should conform to statute.* A judgment of sale for a delinquent special assessment should follow the statute as nearly as may be, applying its terms to a special assessment instead of general taxes; and where a failure to observe the statute is the only error, the cause will be remanded, with directions to enter a proper judgment.

APPEAL from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

This is an appeal from the county court of Cook county, wherein a judgment and order of sale on delinquent city special warrant No. 30,512, for the first installment for a sewer in West Madison street, in the city of Chicago, was had upon the application of the county collector of said county. An appeal from the county court of Cook county was previously prosecuted to this court from the judgment of confirmation of the special assessment for said improvement, and such judgment of confirmation was reversed upon the ground that the costs of making and collecting the assessment were included in the special assessment, contrary to the provisions of the amendatory act of May 9, 1901. The opinion reversing the judgment of the county court was filed February 21, 1902, and the petition for rehearing was denied April 5, 1902. *Gage* v. *City of Chicago*, 195 Ill. 490.

Upon the application for judgment and order of sale for the delinquent assessment appellant filed objections that the lower court was without jurisdiction, either of the person or subject matter, to enter judgment of confirmation, upon the grounds, first, that this court had reversed said cause because of an invalid estimate of the costs included in the ordinance, and the county court could not correct such error by a reduction of the assessment roll or otherwise; second, that on remandment said cause was re-docketed without the statutory notice; third, that the ordinance, including the estimate of costs, was void and the judgment of confirmation entered thereon was void; fourth, that no itemized estimate of the cost of the improvement was made a part of the record of the first resolution of the board of local improvements; fifth, that after the entry of judgment of confirmation in the original proceeding the lower court vacated the judgment entered against certain other objectors, on motion of the city, and voluntarily reduced the amount of the assessment of said last mentioned objectors twenty per cent without authority of law and to the prejudice

of this objector; sixth, the judgment does not conform to the requirements of the statute.

F. W. BECKER, for appellant.

ROBERT REDFIELD, and WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

*First*—As to the first contention of appellant, that the county court could not eliminate from the assessment roll the costs of making and collecting the assessment, but that a new ordinance would be required in such case, it need now only be said that the question here raised was fully considered by this court in the case of *McChesney* v. *City of Chicago*, 205 Ill. 528, and decided adversely to appellant's contention.

*Second*—It is next urged that the cause was re-docketed, in compliance with the remanding order of this court, without the notice required by section 83 of the Practice act, which provides that upon a transcript of the order remanding the cause being filed, "and not less than ten days' notice thereof being given to the adverse party or his attorney, the cause or proceeding shall be re-instated therein."

The record shows that a transcript of the order of this court remanding said cause was filed in the court below on the 20th day of April, 1902, and that on the 13th day of May, 1902, the cause was re-docketed, and the order of court re-docketing the same contained the recital, "and it appearing to the court that due notice, in accordance with the law, has been given to all parties concerned in relation to said notice, and the court being fully advised in the premises, it is ordered that the said cause be and the same is hereby re-docketed and the cause set down at the foot of the calendar, being No. 91, which is set for trial Tuesday, May 20, 1902." Appellant does not deny that he received ten days' notice of

the application to re-docket the cause, but contends that the notice was insufficient and void because it failed to state that appellee had filed, or that there had been filed in said county court, the mandate of the court remanding said cause. The original notice was not in the files and could not be found, and appellant asked leave to, or made a motion to be allowed to, supply the lost notice by placing on the files a notice in proper form, but omitting any mention of the filing of the mandate, with a supposed acknowledgment of service by appellant, as of the second day of May, 1902, and called to the witness stand Robert Redfield, attorney for the collector, and he having been sworn, testified that he did not know anything about the original notice; that he did not remember when he saw it, and his mind was blank in reference to its contents. The copy of the notice was offered in evidence and objected to and the objection sustained. Appellant then offered the various orders of the court, including the order re-docketing the cause, the order of confirmation, showing that appellant was defaulted, and other orders entered in the cause, which were also objected to and excluded by the court.

The objection here urged is a collateral attack upon a judgment which recites proper service and the recitals of which import a verity. (*Glover* v. *People*, 188 Ill. 576; *Barnett* v. *Wolf*, 70 id. 76; *Young* v. *People*, 171 id. 299; *Perisho* v. *People*, 185 id. 334.) In such cases the alleged errors can only be corrected when they relate to errors and mistakes of the officer of the court, such as mistakes in the dates of the summons, or other like errors, or a mistake such as arises from defects or mistakes in the return of the officer, and in such cases the court can only take cognizance of such alleged errors when they appear from the record itself or the files which constitute a part thereof. (*Coughran* v. *Gutcheus*, 18 Ill. 390; *Barnett* v. *Wolf*, *supra*.) And where the defect appears upon the summons or other process it cannot be aided by parol evi-

dence. (*Barnett* v. *Wolf, supra.*) In the case at bar it is proposed, by parol evidence, to show that the original notice on file in the case is lost, and, likewise by parol evidence, to show that a certain writing offered in evidence is a copy of such original notice, and upon that to overcome the recitals of the judgment and avoid the same. If the rule that recitals of the judgment cannot be overcome by parol evidence is sound, then it must necessarily follow that to attack a judgment on the basis of an uncertified paper that must by parol evidence be shown to be a copy of an original paper which has been lost from the files, is also inadmissible, as it is but doing by indirection what is agreed by all the authorities can not be done directly. While it is true that ordinarily courts will, and should, permit the restoration of a record or any paper pertaining thereto, yet such application is addressed to the sound legal discretion of the court, and unless there has been an abuse of that discretion, error predicated upon the refusal of the court so to do will not be sustained.

*Third*—The ordinance in question was not void. It was a valid ordinance when passed, and the amendment to the law only affected so much of it as related to the costs for making the assessment and collecting the same. *McChesney* v. *City of Chicago, supra; Gage* v. *City of Chicago,* 195 Ill. 490.

*Fourth*—The objection that an itemized estimate of the costs of the improvement, as made by the engineer, was not included in the first resolution of the board of public improvements cannot be urged upon this application for sale, as such objection could properly have been urged in the proceeding for confirmation, and not having been there urged it now comes too late. *Steenberg* v. *People,* 164 id. 478; *People* v. *Talmadge,* 194 id. 67; *Walker* v. *People,* 170 id. 410.

*Fifth*—From the original judgment of confirmation, owners of property assessed $25,000 for the improvement

in question prayed and perfected an appeal. The estimated cost of the entire improvement was $75,000. On September 23, 1901, the objectors who had thus perfected their appeal, and the city, by its counsel, appeared in court and had said cause re-docketed, and it was there represented to the court, by agreement of the parties, that on account of the number of questions of law and fact presented by said appeal the result was doubtful; that the construction of said sewer was of great public necessity for considerations of public health and the development of the district for residence purposes; that the objectors desired that the improvement be made, and were willing to withdraw their appeal if the assessment should be reduced twenty per cent; that the objectors and the city regarded such settlement as proper and desirable. The court, reciting the foregoing matters at considerable length, thereupon set aside the original confirmation and by consent of the parties heard the cause, without a jury, as to the question of benefits, upon oral and documentary evidence, and that in view of the situation and location of the lands of the objectors there were strong and equitable reasons why the said assessment should be reduced, and it accordingly reduced the assessment of such objectors twenty per cent and confirmed the same for eighty per cent thereof. The record of this proceeding was offered in evidence in the application for judgment and order of sale at bar, and also the resolution entered at the public hearing before the board of public improvements, wherein the estimate of the cost of the improvement was fixed at $75,000, and the original order of confirmation as to the lands of the objectors representing the $25,000 of assessments. This evidence was objected to by appellee as immaterial and the objection was sustained, and it is now urged that the court below erred in refusing to admit this evidence, and if it was admitted it would have shown that appellant was prejudiced by such proceedings. We think not. The

case of *Culver* v. *City of Chicago,* 171 Ill. 399, is relied upon
by appellant, and, as we view the case, refutes, instead
of supports, his position. That case was an appeal from
the judgment of confirmation, wherein a portion of the
property therein that had been assessed was entirely re-
leased and discharged from the assessment. The release
was by agreement between the city and the objectors.
We there said (p. 404): "Under paragraph 147 of the City
and Village act (Rev. Stat. p. 236,) the court is author-
ized, at any time before final judgment, to modify, alter,
change, annul or confirm any assessment, or cause the
same to be re-cast by the same commissioners, whenever
it shall be necessary for the attainment of justice. It
cannot be doubted that the court, under this statute, up-
on a proper showing, had ample power to set aside the
assessment as to the property of the West Side Elevated
Railroad Company. * * * But it is said the court was
not empowered to set aside the assessment by agreement.
If the petitioner became satisfied that the railroad prop-
erty was not benefited by the improvement and that the
assessment was unjustly spread upon its property, we
see no reason why petitioner might not confess the fact
in court, and thus save the cost and expense of a trial
which would in the end result in setting aside the assess-
ment. The mere fact, therefore, that the assessment was
set aside by agreement, if the property was not benefited
by the assessment, could not be relied upon by the ap-
pellants as a defense. Before they could properly object
to the action of the court it was incumbent on them to
prove, or offer to prove, that they were in some way in-
jured. This they failed to do." The appeal in the *Culver*
*case* was from the confirmation of the assessment and
was a direct attack upon the action of the court, and it
is there very clearly held that the objection could not
be sustained without showing that there was collusion
between the petitioner and the objector, and in conse-

quence of setting aside the assessment the appellant, Culver, was injured.

The case of *Walker* v. *People*, 170 Ill. 410, was, like the case at bar, an appeal from a judgment and order of sale. It was there urged, upon objection, that ninety-five lots included in the assessment district, and which had been assessed for benefits, were, upon the hearing of confirmation, dismissed from the petition by the city. After referring to the authority of the court under paragraph 147 of the Local Improvement act, we said (p. 416): "If appellants' property was assessed more than it will be benefited or more or less than its proportionate share of the cost of the improvement, the proper place to raise that question and obtain the proper relief was in the county court, on the application to confirm the assessment. So, also, if the dismissal of the petition as to ninety-five lots which had been assessed by the commissioners resulted in making appellants' assessment greater than their proportionate share of the cost of the improvement, the proper place to obtain relief was in the county court or by an appeal from the judgment of confirmation, but no relief can be obtained on the application for judgment against appellants' lands."

We think the evidence offered under this objection was properly excluded.

*Sixth*—It is urged that the judgment is not in proper form and does not contain the elements as prescribed by the statute. We have examined the same and find it subject to the objection made. The judgment should follow the statute as nearly as may be, applying the same to a special assessment instead of general taxes.

The judgment of the county court will be reversed for this error and the cause remanded, with direction to that court to enter a proper judgment conforming to the provisions of section 191 of chapter 120 of Hurd's Statutes of 1899.        *Reversed and remanded, with directions.*