HATTIE M. LANPHERE

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. SPECIAL ASSESSMENTS—*omitting the preamble and engineer's signature from record of estimate is not fatal.* Omission of the preamble and the engineer's signature to the estimate of cost, when making the estimate part of the record of the first resolution for the improvement, is not a substantial deviation from the requirements of the statute.

2. SAME—*when notice of public hearing is sufficient.* A notice of public hearing which contains the substance of the resolution and estimate is sufficient, although the preamble and engineer's signature to the estimate are omitted.

3. SAME—*resolution need not give description of improvement in detail.* The resolution for an improvement must state the extent, character and estimated cost of the proposed improvement, but it need not describe the improvement in such detail as is required in the ordinance.

4. SAME—*when description of catch-basin covers is prima facie sufficient.* A description of catch-basin covers as being of iron, of given weight, "of the same size and pattern as those used in new work by the city of Chicago during the year 1902," is *prima facie* sufficient to authorize confirmation of the assessment without proof of kind of catch-basin covers used in Chicago in new work in the year 1902. (*Washburn* v. *City of Chicago,* 202 Ill. 210, distinguished.)

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. A. JOHNSON, and F. W. BECKER, for appellant.

ROBERT REDFIELD, and WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a proceeding to confirm a special assessment for curbing, grading and paving Monroe avenue from the south curb line of Sixtieth street to the north curb line of Sixty-seventh street, in the city of Chicago. Appellant appeared

and filed objections to the confirmation of said assessment, which were overruled, and she has appealed.

It is first contended that the estimate of the engineer was not made a part of the record of the first resolution, inasmuch as the preamble and the signature of the engineer were omitted from the record of said resolution. The estimate of the engineer was made a part of the record of the first resolution by reciting the same therein in full, with the exception of the preamble thereto and the engineer's signature. This was a substantial compliance with the provisions of the statute that "said board shall also cause an estimate of the cost of such improvement * * * to be made in writing by the engineer of the board * * * over his signature, which shall be itemized to the satisfaction of said board, and which shall be made a part of the record of such resolution." (Hurd's Stat. 1903, chap. 24, par. 513.) The requirements of the statute are for the protection of the owner of property to be assessed, (*Bickerdike* v. *City of Chicago,* 203 Ill. 636,) and it "can only be complied with by incorporating in the record the estimate as a part of the record of such resolution." (*Kilgallen* v. *City of Chicago,* 206 Ill. 557.) The information as to the description of the improvement, street to be improved, etc., contained in the preamble to the estimate, was all contained in the record of the resolution immediately preceding the estimate as recorded, and the resolution recites that the estimate was made by the engineer. A substantial, and not a literal, compliance with the statute is all that was required. In the record, as made up, the owner whose property was sought to be assessed could find all the information which the statute provides shall be given to him to enable him to determine the character of the improvement and its estimated cost, and the fact that the information contained in the preamble to the estimate was not twice repeated or the engineer's signature recorded is not such a substantial deviation from the requirements of the statute as to avoid the assessment and to require the court to refuse a judgment of confirmation.

It is next contended that the engineer's estimate, as well as the certificate thereof, presented to the city council with the ordinance providing for the improvement, did not contain the item "lawful expenses attending the same," found in section 10 of the Local Improvement act of 1897. That act was amended in 1901, and it was provided by the amendment (Hurd's Stat. 1903, chap. 24, par. 600,) that the expenses attending a special assessment proceeding shall be paid by cities out of their general funds; and in *Gage* v. *City of Chicago,* 195 Ill. 490, and *Thompson* v. *City of Chicago,* 197 id. 599, it was held that since the amendment of 1901 it was error to include in the confirmation judgment the cost of making and levying the assessment. It being unlawful to include the expenses of making and levying the assessment in the judgment of confirmation, it was not necessary, and would have been improper, to include the same in the engineer's estimate of the cost of the improvement or the certificate of such estimate presented to the city council with the ordinance providing for the improvement.

The further contention is made that the notice of the public hearing is defective, as it did not contain the estimate of the engineer in this: that the preamble, and the signature of the engineer thereto, were omitted from the notice. Section 7 of the Local Improvement act provides the notice of the public hearing shall contain "the substance of the resolution adopted by the board and the estimate of the cost of the proposed improvement." The notice contained the estimate of the engineer in full, with the exception of the preamble, and the engineer's signature. That was sufficient. The statute does not contemplate that the resolution and the estimate shall be set out *in hæc verba* in the notice of the public hearing, but only the substance thereof. That was done, and the notice was sufficient.

It is also contended that there is a variance between the first resolution and the ordinance, inasmuch as the first resolution did not describe the details of the improvement, such

as catch-basins, etc., whereas the ordinance did. In *Gage v. City of Chicago,* 207 Ill. 56, on page 60, it was said: "The resolution of the board does not specifically mention the binder course of broken limestone or the wearing surface. For this reason it is urged the improvement described in the ordinance is not that described in the resolution of the board. An ordinance must prescribe the nature, character, locality and description of the improvement. It is not required that the resolution shall prescribe the 'description of the improvement,' but only the 'extent, nature, kind, character and estimated cost' thereof. (4 Starr & Cur. Stat. chap. 24, pars. 43, 44, pp. 151-153.) The resolution here under consideration answered these requirements of the statute, and more minuteness in matter of mere description in the resolution was not necessary." There was, under the authority of that case, no variance between the resolution and the ordinance.

The last contention made is, that the ordinance failed to describe the nature, character, locality and description of the proposed improvement. The ordinance provides for iron covers for the catch-basins, weighing four hundred and seventy pounds each, "of the same size and pattern as those used in new work by the city of Chicago during the year 1902." There were ten catch-basins, and it is said, under the authority of *Washburn* v. *City of Chicago,* 202 Ill. 210, the description of said covers found in the ordinance was insufficient. In the *Washburn case* the ordinance provided for supply-pipes and water hydrants of the "city of Chicago standard," and it was held the ordinance failed to properly describe the improvement. The ordinance in this case differs from the ordinance in that case. Here reference is made to a specific object or thing, while there no object or thing was referred to but a "standard," the existence of which the court could not take notice of without proof. At most, the ordinance in this case is ambiguous. The ambiguity, however, is a latent one, and the ordinance is sufficient upon its face without

proof of the size of the iron catch-basin covers in use by the city of Chicago in the new work put in by it in the year 1902. This case is clearly distinguishable from the *Washburn case.*

The judgment of the county court will be affirmed.

*Judgment affirmed.*