THE PEOPLE *ex rel.* John J. Hanberg, County Treasurer,

*v.*

THE SECOND WARD SAVINGS BANK.

*Opinion filed December 22, 1906.*

SPECIAL ASSESSMENTS—*want of jurisdiction cannot be shown by stipulation of extrinsic facts.* Want of jurisdiction of the county court to confirm a special assessment must appear upon the face of the record, when such judgment is attacked upon application for judgment of sale, and cannot be shown by a stipulation of the parties as to a state of extrinsic facts existing when the assessment was confirmed.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

The county treasurer and *ex officio* county collector of Cook county, in the name of the People of the State of Illinois, applied to the county court of Cook county for judgment and order of sale to satisfy a delinquent special assessment against two certain lots in the city of Chicago owned by the appellee, Second Ward Savings Bank. This assessment had been levied to defray the cost of constructing a sidewalk, and a judgment had been entered confirming the assessment. The ordinance providing for the construction of the sidewalk by special assessment was passed under the provisions of the act concerning local improvements. The appellee appeared in the county court and filed objections to the application of the county collector for judgment of sale against its lots, on the ground that the judgment confirming this special assessment was void because the court was without jurisdiction to enter that judgment. The court sustained these objections and refused judgment for the assessment.

The cause was heard before the court upon the formal proof as made by the county collector and upon a stipulation of facts, the only portion of which material to a consideration of the question here presented is as follows:

"That the lots for which the objections are filed in this case do not front on any of the streets on which the sidewalk was constructed under the provisions of the ordinance, but are situated and front on the cross-streets, and are within one-half block of the sidewalk constructed under the ordinance."

Neither the judgment of confirmation nor the record of any of the proceedings prior thereto was introduced in evidence upon the trial of this cause.

CHARLES H. MITCHELL, and JOHN M. O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

GEORGE A. MASON, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Appellee's sole contention in support of the action of the trial court in sustaining its objections is, that it appeared from the stipulation of facts that the lots against which judgment of sale is sought do not front on any of the streets on which the sidewalk was constructed; that the statute does not authorize the levy of a special assessment against lots to pay for the construction of a sidewalk except where the lots front on the street on which the sidewalk is to be constructed, and that as the statute conferred no authority to make a special assessment against these lots to defray the cost of constructing the sidewalk provided for by the ordinance, the county court was without jurisdiction to enter a judgment confirming the special assessment which was levied against appellee's lots for that purpose.

As neither the judgment of confirmation nor the record of the confirmation proceedings was introduced in evidence, and as the stipulation does not purport to state that the facts therein recited appear upon the face of such judgment or record, appellee cannot avail itself of the defense that the county court was without jurisdiction to render the judgment of confirmation on account of the existence of the facts set forth by the stipulation. *Thompson* v. *People,* 207 Ill. 334; *Goldstein* v. *Village of Milford,* 214 id. 528.

The attempt to show, in this case, by a stipulation of facts, that certain facts existed at the time the judgment of confirmation was rendered which deprived the court of jurisdiction to render that judgment, is an attempt to show by extrinsic evidence that the court was without jurisdiction to enter that judgment. It was not made to appear from the record of the confirmation proceedings that these lots did not front on the sidewalk which was provided for by the ordinance. It was, therefore, not made to appear

224—13

from that record that the facts relied upon by appellee to show want of jurisdiction existed. The question whether such facts, if aptly interposed, would have defeated the application for confirmation does not arise here.

The county court erred in sustaining appellee's objections. The judgment of the county court will therefore be reversed and the cause will be remanded to that court, with directions to overrule the objections filed by Second Ward National Bank and to enter judgment as applied for by the county collector of Cook county.

*Reversed and remanded, with directions.*