HENRY T. GLOVER

*v.*

THE PEOPLE *ex rel.* Raymond, County Treasurer.

*Opinion filed December 20, 1900—Rehearing denied February 8, 1901.*

1. TAXES—*what constitutes a collateral attack upon confirmation judgment.* Resisting an application for a judgment of sale upon the ground that the county court was without jurisdiction to confirm the assessment constitutes a collateral attack upon the confirmation judgment.

2. SAME—*recital as to due notice in confirmation judgment cannot be questioned collaterally.* A recital in a confirmation judgment that "due notice, as required by law, has been given" of the application, return and time for final hearing, cannot be inquired into upon application for judgment of sale; nor, in such case, does an insufficient certificate of the publisher, contained in the record, overcome the court's finding.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

MARSTON, AUGUR & TUTTLE, for appellant.

CHARLES M. WALKER, Corporation Counsel, and DENIS E. SULLIVAN, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of sale by the county court of Cook county for a delinquent special assessment, warrant No. 24,462, for water pipes in West Superior street, in the city of Chicago. It was confirmed against appellant's property by default. On this application for judgment he entered a special appearance and

filed two objections—in effect one: First, that the county court of Cook county was wholly without jurisdiction to enter its judgment confirming the special assessment; and second, that the supposed judgment of confirmation by the county court was and is void.

In support of the first ground appellant attempted to show on the hearing, by the certificate of publication in the confirmation proceeding, that one of the days of publication was Sunday, and hence the notice was not given for the requisite period. The judgment of confirmation recites that "the commissioners appointed to make the assessment have complied with all the requirements of the law as to posting and sending notices to the owners of the property assessed, and that due notice, as required by law, has been given of the application, and of the return of the assessment, and of the time for the final hearing thereon." Under the uniform holding of this court the jurisdiction of the county court so found in its judgment cannot be inquired into in a collateral proceeding. In such case, the certificate of the printer filed with the papers, and being a part of the record, although wholly insufficient to prove that there was proper publication and notice, will not overcome the finding of the court as to jurisdiction. *Barnett* v. *Wolf*, 70 Ill. 76, and many later cases, support this rule, some of which give the reasons upon which it rests. The contention that the attack here is not collateral has likewise been overruled many times. *Young* v. *People*, 171 Ill. 299, and cases cited.

It is said, however, that the recital in the judgment of confirmation does not show that the court had jurisdiction to enter its judgment, because it says, "it appearing to the court that the *commissioners* heretofore appointed to make said assessment have conformed," etc., whereas the superintendent of special assessments, and not commissioners, had been appointed, as provided by the statute, to make the assessment. We regard the position as untenable. The substance of the recital is, that the party

or parties theretofore appointed to make the assessment had complied with the law in giving the notices, etc., and there is the positive statement that "due notice, as required by law, has been given of this publication," etc. Whether the officer theretofore appointed to make the assessment was called a commissioner or superintendent is of no controlling importance.

We find no reversible error in this record, and the judgment of the county court will be affirmed.

*Judgment affirmed.*