(No. 20662.—

WILLIAM F. BECKMAN, Defendant in Error, *vs.* BRECHTER H. ALBERTS *et al.*—(DAVE ALBERTS, Plaintiff in Error.)

*Opinion filed October 23, 1931—Rehearing denied Dec. 2, 1931.*

JONES, J., took no part.

FRANK J. BURNS, and JAMES T. BURNS, for plaintiff in error.

W. H. DYER, and JOHN H. BECKERS, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

William F. Beckman, (herein called defendant in error,) as a judgment creditor of Brechter H. Alberts, filed a bill in equity in the circuit court of Kankakee county against Brechter and plaintiff in error, Dave Alberts, who are brothers, asking that the interests of the parties in the proceeds of the sale of certain personal property of Brechter might be determined and that he and plaintiff in error might be decreed to account to defendant in error for the proceeds of the sale of the property. Separate answers were filed by Brechter and plaintiff in error and a hearing was had. From a decree of the circuit court ordering plaintiff in error and Brechter to pay to defendant in error the sum of $1826.23 plaintiff in error appealed to the Appellate Court for the Second District, where the decree was affirmed. The record is brought to this court by writ of *certiorari* for review.

There is practically no dispute about the material facts, and, as alleged in the bill and established by the evidence, they are as follows: On August 14, 1925, Brechter H. Alberts executed a note to plaintiff in error, Dave Alberts, and four other persons, for $2500. The note was due and payable on March 1, 1926, and was given to secure the payees against liability as sureties on a note of Brechter to a bank. To secure the note to plaintiff in error and the four other persons, Brechter on August 14, 1925, executed

a chattel mortgage to the payees in the note covering certain hogs, horses, farm implements, the 1925 corn crop of the mortgagor, and other property, which mortgage was filed for record and recorded on the date of the mortgage. On or about September 15, 1925, Brechter executed a note for $3000 due March 1, 1926, to defendant in error, and to secure the note executed a chattel mortgage to him on Brechter's 1925 corn crop, which mortgage was filed for record and recorded on September 26, 1925. Before the note and mortgage to defendant in error were executed, plaintiff in error, with the consent of Brechter, sold thirty-three hogs of Brechter which were covered by the chattel mortgage to plaintiff in error and the four other persons, for $800 and retained the proceeds of the sale. Plaintiff in error did not give credit on the note to him and the four others for this money, but, after the mortgage to defendant in error had been executed and recorded and plaintiff in error had learned about and knew of the mortgage, he paid to Brechter the money realized from the sale of the hogs. On March 1, 1926, an affidavit of Brechter and plaintiff in error that there was $2500 due on the note to plaintiff in error and the four others and that the lien of the chattel mortgage securing the note had been extended to February 20, 1927, was filed and recorded. On August 6, 1926, defendant in error obtained a judgment by confession for $3088.75 in the circuit court on the $3000 note given to him by Brechter and which was secured by chattel mortgage on the 1925 corn crop. Execution was issued on this judgment on the day it was rendered, and it was served on Brechter on August 7, 1926, and was subsequently, on October 29, 1926, returned not satisfied. On the last named date an alias execution was issued on that judgment, which was served on Brechter on November 4, 1926. On January 8, 1927, Brechter and plaintiff in error sold the 1925 corn crop of Brechter for $1836.06, which amount was taken by plaintiff in error and used with other

money to pay off Brechter's note to the bank on which plaintiff in error and four others were sureties. Plaintiff in error then indorsed on the $2500 note of Brechter to him and the four others the following: "Due on this note $727.24—1/18/27." On January 13, 1927, the sheriff, acting on the alias execution on the judgment of defendant in error against Brechter, levied on the debtor's interest in all the personal property covered by the chattel mortgage to plaintiff in error and the four others except the 1925 corn crop, and also on the 1926 crop of corn, hay, etc., of Brechter. Plaintiff in error gave notice to the sheriff that he claimed all the property levied on except the 1926 crop of corn, hay, etc., and a trial of the right of property was had in the county court of Kankakee county, in which plaintiff in error asserted his claim to the property under the chattel mortgage to him and the four others. While this suit was pending defendant in error offered to pay plaintiff in error $730 to release his claim on the property, but he refused the offer. The trial resulted in a verdict in favor of plaintiff in error and a judgment ordering the sheriff to release the property to him. Dewey Litton filed a claim of ownership of the 1926 crop of corn, hay, etc., levied on by the sheriff, and the trial of right of property as to that personalty was undetermined when the bill in this case was filed but finally resulted in a judgment in favor of Litton. After the property which had been levied on by the sheriff, except the 1926 crop of corn, hay, etc., had been released to plaintiff in error by the sheriff, plaintiff in error and Brechter advertised it for sale, and it was by them sold at public auction on March 21, 1927, for the sum of $1926.21. The expense of the sale was $171.45. After the expense of the sale and the amount which plaintiff in error claimed as due on the note to him and the four others had been deducted, the balance realized from the sale was used by plaintiff in error and Brechter to pay an indebtedness to Herman Eilts for which they were jointly liable.

The circuit court in its decree found that the amount due on the note of Brechter H. Alberts to plaintiff in error and the four others was $2564.59; that the proceeds of sale of the thirty-three hogs was $800; that the proceeds of the sale of the 1925 corn crop was $1836.06, and that the net proceeds of the sale of personal property on March 21, 1927, was $1754.76. These findings of fact were not challenged by assignment of error in the Appellate Court and are not disputed by plaintiff in error in this court. The decree of the circuit court further found that the $800 from the sale of the hogs and the $1754.76 from the sale of the personal property on March 21, 1927, should be applied in part payment on the note of Brechter to plaintiff in error and the four others; that after said sums had been credited on the amount due on the note there remained due thereon $9.83; that $9.83 of the proceeds of the sale of the 1925 corn ($1836.06) should be applied on the note to satisfy it, and that the remainder of the proceeds of the sale of the 1925 corn crop ($1826.23) should be paid to defendant in error by Brechter and plaintiff in error.

It is a fundamental and well established principle of equity that where there are two creditors standing in equal equity, one of whom has security upon two funds and the other upon only one of the two, the former is required to proceed primarily against the fund upon which the latter has no claim, and if the person having the claim on both funds, with full knowledge of the facts, releases a portion of the fund against which he alone has a claim, he thereby, so far as the other creditor is concerned, releases *pro tanto* the fund on which such other creditor has his claim. (*Boone* v. *Clark,* 129 Ill. 466; *Iglehart* v. *Crane & Wesson,* 42 id. 261.) In this case plaintiff in error had a lien on the hogs, on the 1925 corn crop and on other personal property. Defendant in error had a lien on the 1925 corn crop only, and his lien on that property was subject to the lien of plaintiff in error. The hogs were sold before the mortgage to de-

fendant in error was executed and recorded, but the proceeds of the sale of those hogs were still in the hands of plaintiff in error after the mortgage to defendant in error had been executed and acknowledged and after plaintiff in error had actual knowledge of that mortgage. When he paid the proceeds of the sale of the hogs to the mortgagor, he in effect released part of the fund on which he alone had a lien, and must be held to have thereby, so far as defendant in error is concerned, released the priority of his lien *pro tanto* on the 1925 corn crop—the property on which defendant in error had a lien.

Plaintiff in error contends, however, that the lien of the mortgage of defendant in error had expired before the sale of the corn because more than ninety days had expired after the maturity of the debt secured by that mortgage, and the mortgage had not been extended and the mortgagee had not taken possession of the property. Whether or not the mortgage of defendant in error had expired so far as plaintiff in error, who was a prior mortgagee, is concerned is questionable. The mortgage lien of defendant in error was good as between the mortgagor and mortgagee. (*Sondheimer* v. *Graeser,* 172 Ill. 293; *Sumner* v. *McKee,* 89 id. 127; *Arnold* v. *Stock,* 81 id. 407.) The lien of plaintiff in error was superior to that of defendant in error in the property covered by the latter's mortgage. Plaintiff in error was a prior—not a subsequent—incumbrancer so far as the mortgage of defendant in error was concerned. His rights were in all respects superior and prior to those of defendant in error when enforced in an equitable manner. At least in equity, so far as determining the rights of the parties in this case is concerned, we see no reason to hold that plaintiff in error was a "third party," as that term is used in the chattel mortgage statute, with respect to the mortgage of defendant in error. Defendant in error did not abandon the lien of his chattel mortgage by reducing to judgment the note which it secured. (*Barchard* v. *Kohn,*

157 Ill. 579.) The execution on the judgment on that note was in full force and effect and was a lien on the personal property of Brechter H. Alberts at the time the 1925 corn crop was sold, and the evidence in this case warrants the conclusion that plaintiff in error at all times had notice of the efforts of defendant in error to enforce his judgment.

If plaintiff in error had applied the $800 which he received from the sale of the hogs on the note due him, as in equity and good conscience he was bound to do so far as the rights of defendant in error are concerned, the proceeds of the sale of the 1925 corn crop would have more than discharged the balance due on his note and he would have had no further lien on the other property of Brechter H. Alberts and defendant in error could have enforced the lien of his judgment against such other property. When defendant in error attempted to do this plaintiff in error gave notice that he claimed the property, and, although his own indorsement on his note showed the balance due thereon to be $727.24, he refused to release his lien for $730, which was offered him by defendant in error. While the judgment in the trial of the right of property on the claim of plaintiff in error must be considered correct as a matter of law, as a matter of equity the claim asserted by plaintiff in error to the property was void and his assertion of the claim was a fraud on defendant in error's rights. When the property was released to plaintiff in error, he and his brother, Brechter, proceeded to sell it on March 21, 1927, and realized from the sale the net amount of $1754.76, which was applied to discharge the claimed balance on the note of plaintiff in error and pay off other indebtedness for which he and his brother were jointly liable.

It is claimed by plaintiff in error that the alias execution under which the sheriff had levied on the property released to plaintiff in error and which was sold on March 21, 1927, was *functus officio* at the time of the sale, and

that therefore defendant in error had no lien on that property and could be entitled to no interest in the proceeds realized from that sale. We do not consider it necessary to determine whether or not the lien of the execution on the property sold on March 21, 1927, had expired on the date of that sale. Since plaintiff in error had by his action in claiming the property, which was in equity a fraud on defendant in error, prevented the sale of that property under the execution, he is in no position to say, and will not be heard to say, that the lien of that execution had expired at the time he sold the property.

Plaintiff in error also argues that the evidence shows that the $3000 note of Brechter H. Alberts to defendant in error, which was secured by the chattel mortgage on the 1925 corn crop, was procured by defendant in error by fraud and misrepresentation and without consideration. Brechter attempted to set up a defense on this ground in his answer to the bill, and there is considerable evidence in the record as to the circumstances under which the note was executed. We do not deem it necessary to set out or discuss this evidence. Plaintiff in error is entitled to no consideration on this argument for several reasons. He made no such defense in the circuit court. There are absolutely no allegations in his answer to the bill that the note was procured by fraud or without consideration. He is not a party to that note or the judgment obtained on it. Brechter was not a party to the appeal to the Appellate Court and is not a party to this writ of error. Any attack on the judgment obtained on that note in this case is a collateral attack, (*Glover* v. *People,* 188 Ill. 576,) in which the judgment could be held invalid only on the ground that the court in which it was obtained had no jurisdiction to render it. (*Sheahan* v. *Madigan,* 275 Ill. 372.) It is not contended that the judgment on the note was rendered without jurisdiction of either the parties or the subject matter.

The decree of the circuit court ordering plaintiff in error and Brechter H. Alberts to account for and pay to defendant in error $1826.23, the proceeds of the sale of the personal property covered by the chattel mortgage of plaintiff in error after deducting the amount due on the note of plaintiff in error, is correct, and the Appellate Court did not err in affirming it. `

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE JONES took no part in this decision.