The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts, v. Citizens Trust and Savings Bank et al.

In re Petition of Warren A. Johns, Trading as W. A. Johns Paper Company, Appellee.

Appeal of Erwin J. Zuehls, Receiver of Citizens Trust and Savings Bank, and the United States Fidelity and Guaranty Company, Appellants.

**Gen. No. 36,577.**

Opinion filed December 13, 1933.

EUGENE P. KEALY and EDWARD J. HESS, for appellants; EUGENE P. KEALY and EDWARD J. HESS, of counsel.

OTTO ADE ARNSTON, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

This is an appeal from an order of the superior court directing the United States Fidelity and Guaranty Company to pay petitioner, Warren A. Johns, doing business as W. A. Johns Paper Company, $4,703.10, with interest from November 20, 1931.

The claim is based on a judgment of the circuit court in favor of petitioner and against the Citizens Trust & Savings Bank for that amount for a. loss incurred by reason of the forging of the name of petitioner to cer-

tain checks which were paid or cashed by the bank. At the time of the loss the bank was covered by a blanket policy of insurance, issued by the respondent, United States Fidelity and Guaranty Company, which defended the action in the circuit court through its own attorney.

Petitioner asks that its claim against the bank be allowed and the judgment paid out of the funds in the hands of the receiver or, in order to avoid circuity of action, that the insurance company pay the amount of the judgment directly to petitioner. Both the receiver and the insurance company have appealed from the order.

The receiver denies liability on the ground: (1) that he was not made a party to the proceeding in the circuit court; and (2) that by an order dated September 15, 1930, all claims against the receiver should have been filed on or before December 17, 1930.

The answer to the first objection is obvious, viz.: that there was no receiver when suit was started, and the receiver could, if he cared, have intervened and defended on behalf of the bank. Moreover, the insurance company continued in the defense of the action to its final determination, evidently with the consent and knowledge of the receiver. Petitioner is not seeking to satisfy his judgment out of funds in the hands of the receiver, but against the policy, 53 C. J. 349, 23 R. C. L. p. 48. To the second objection it is sufficient to say that the court, which made the order limiting the time in which claims should be filed, could by the same power extend it or permit the filing of additional claims.

We are in fact at a loss to understand the reason for the position taken by the receiver. He is an officer of the court and ordinarily is supposed to carry out the orders of the chancellor and not oppose them. Again it is to his interest as well as that of the creditors to

have this claim satisfied out of the fund created by the policy and not out of the general assets. In the latter case the claims of other creditors would be decreased by just so much. If this claim should be paid out of this special fund, then the amount payable to other creditors would remain the same. Those other creditors have no interest in any amount payable out of the policy to satisfy this judgment, nor would such an order amount to giving a preference to petitioner as a creditor as urged by respondent, the insurance company.

No point is made that the respondent United States Fidelity and Guaranty Company is not rightfully brought into this proceeding. It is in fact a debtor to the bank to the extent, if any, under its liability as shown by its policy of insurance. The extent of this liability has been established by the judgment in the circuit court from which no appeal was perfected.

But one of the grounds urged for reversal appears to this court to merit consideration, viz.: that the policy is one of indemnity and not to pay for liability, and that it does not appear that the bank has suffered loss.

The policy does not contain what is known as a "no action clause" which is to the effect that the insurer will pay only for loss sustained and paid out by the insured.

The provision in the policy involved in this proceeding is to the effect that the insurer undertakes to indemnify and "hold harmless" the insured. The company attempted to hold the bank harmless when it undertook to and did defend the action. It is now in a court of equity asked to complete performance and pay the judgment in conformity with the terms of its policy. The receiver should be in the position of demanding that he be clothed with all the rights of the bank and requiring the insurance company to hold him, as receiver, harmless against the judgment. He should

be protecting the rights of creditors and not those of debtors. The chancellor by his order has avoided the useless waste of time by directing payment to the receiver and by him to the petitioner. This is permissible in equity. *Beacon Lamp Co. v. Travelers' Ins. Co.,* 61 N. J. Eq. 59.

Under the theory of marshaling assets, he has directed this particular creditor to be paid out of the particular fund against which his claim, and his only is collectible. *Beckman v. Alberts,* 346 Ill. 74; *Boone v. Clark,* 129 Ill. 466.

We are of the opinion that the entry of the judgment against the bank was such as to create a liability against the bank and to at once impair its financial position and therefore become a loss within the meaning of the clause to hold harmless. So long as the judgment remained a lien the insurer was not performing its obligation under this clause of the policy. Under the terms of the policy the insurance company agreed to indemnify the bank and hold it harmless against loss and when the judgment was entered the loss or liability provided against in the policy was sustained. As stated in the case of *Ravenswood Hospital v. Maryland Casualty Co.,* 280 Ill. 103:

"When Mrs. Appel was injured the liability was incurred and when the court entered judgment against it the loss on account of such liability was sustained. (*Stephens v. Pennsylvania Casualty Co.,* 135 Mich. 189.) True, the loss had not been paid, but it had been definitely ascertained and fixed, and if no appeal had been taken appellee would have been required to pay it at that time." Policies of insurance are interpreted by the courts most favorably to the beneficiaries.

The right of the petitioner is fortified in this case because it is a proceeding in equity and, as has been stated, in order to avoid circuity of action the court will direct that to be done which should have been

done. Chancery will decree its performance directly in order to do equity and without requiring the doing of a useless thing, such as directing it to be paid to a third person for the benefit of one who is already in court and before the chancellor. The equities of the case amply sustain the decree of the chancellor. The rule at law as hereinbefore announced will be followed in a court of equity, as was done here.

For the reasons stated in this opinion, the judgment of the superior court is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.